IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS AGBABIAKA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HSBC BANK USA NATIONAL ASSOCIATION, et al.,<br><br>　　　　Defendants.<br>_____/ | No.  C 09-05583 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 9, 2010 AT 9:00 A.M.:

　　　The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing, and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf*. N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively grants** Defendants' Motion to Dismiss and **tentatively reserves** ruling on whether to grant Plaintiff leave to amend. The Court **reserves issuing a tentative ruling** on the motions to expunge *lis pendens* and for Rule 11 sanctions.

1. What is Plaintiff's response to the Substitution of Trustee submitted with Defendants' Supplemental Request for Judicial Notice, regarding the substitution of Quality Loan Service as Trustee under the Deed of Trust?

2. Does Plaintiff have any California law to support the arguments raised at pages 4-5 of his opposition to the motion to dismiss?

3. Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by "failing to make and timely provide the required written disclosures [and] by making and collecting prohibited charges...." (Compl. ¶ 54.)

    a. To which statutory provision of RESPA does the "written disclosure" allegation refer, 12 U.S.C. § 2603, 12 U.S.C. § 2604, or 12 U.S.C. § 2605? If Plaintiff alleges a violation of either Sections 2603 or 2604, does he have any authority to suggest that a private right of action exists? If Plaintiff refers to Section 2605, why is that claim not barred by the statute of limitations?

    b. Similarly, to the extent Plaintiff asserts a violation of Section 2607, why would that claim not be barred by the statute of limitations?

    c. Although Defendants have not raised this argument in support of their motion to dismiss, where are the factual allegations supporting a finding of pecuniary harm suffered as a result of the alleged RESPA violations? *See Allen v. United Financial Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (dismissing RESPA claim based on the plaintiff's failure to allege any pecuniary loss attributable to the alleged RESPA violation); *see also Pok v. American Home Mortg. Servicing, Inc.*, 2010 WL 476674, *5 (E.D.Cal. Feb. 3, 2010) (dismissing RESPA claim based on the plaintiff's failure to allege any facts to show that the defendant's alleged RESPA violation resulted in pecuniary damages); *Singh v. Wash. Mut. Bank*, 2009 WL 2588885, *5 (N.D. Cal. Aug. 19,

2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees") (quotation marks and citation omitted).

4. What factual allegations in the Complaint support Plaintiff's claim for violations of the Fair Debt Collection Practices Act ("FDCPA")? Does Plaintiff have any authority to counter Defendants arguments that they are not "debt collectors," as that term is defined in the FDCPA?

5. Plaintiff alleges that he is asserting his Truth in Lending Act ("TILA") claim "as set-off in response to Defendants [*sic*] foreclosure of his interest in The Property, and as such [he] is not barred by the statute of limitations." (Compl. ¶ 95.) Under TILA, a person is not barred "from asserting a violation of this subchapter *in an action to collect the debt* which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e) (emphasis added). This is not an action brought by Defendants to collect a debt. Accordingly, on what basis does Plaintiff contend his TILA claim is not barred?

6. Plaintiff's fifth claim for relief is entitled "Cancellation of Instrument." How is this claim not duplicative of Plaintiff's claim for Quiet Title? That is, on what separate legal authority does Plaintiff rely to assert this claim?

7. Does Plaintiff's fraud claim rest solely on his theory that "Defendants have represented ... that they are the real party in interest," and entitled to foreclose upon the Property? If not, what other facts in the Complaint support this claim for relief?

8. Defendants argue that Plaintiff has not tendered the amount due under the note and, therefore, cannot state a claim for wrongful foreclosure or quiet title. Where in the Complaint does Plaintiff allege the requisite tender?

3

9. If the Court were to grant Plaintiff leave to amend, what additional facts, if any, would Plaintiff be able to allege to support each claim for relief, including any facts that might support tolling the applicable statutes of limitation?

10. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: April 6, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE