IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS AGBABIAKA,

    Plaintiff,

v.

HSBC BANK USA NATIONAL ASSOCIATION, et al.,

    Defendants.

No. C 09-05583 JSW

**ORDER TO ALL PARTIES TO SHOW CAUSE**

    On or about August 27, 2009, Plaintiff filed a complaint, which was then assigned to this Court. *See Agbabiaka v. HSBC Bank USA National Association, et al.*, No. CV 09-3982-JSW (the "Related Case"). On November 12, 2009, the Court dismissed the Related Case for failure to prosecute, after Plaintiff failed to file opposition briefs to a motion to dismiss, a motion to strike, and a motion to expunge a lis pendens filed by HSBC Bank USA National Association as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2002-2 ("HSBC Bank") and Litton Loan Servicing LLP ("Litton") (collectively "Defendants"). On November 16, 2009, Defendants filed a proposed order seeking to expunge the *lis pendens* on the basis that the case had been dismissed. On November 30, 2009, the Court approved the Order expunging the *lis pendens* in case 09-3982. On December 24, 2009, Defendants recorded that Order in the Contra Costa County Recorder's Office.

    On November 24, 2009, Plaintiff filed the instant action, which originally was assigned to Judge Armstrong. On December 24, 2009, Plaintiff recorded a second Notice of Lis Pendens

relating to this action. On January 11, 2010, January 19, 2010, and February 5, 2010, respectively, Defendants filed a motion to dismiss, a motion to expunge the second lis pendens, and a motion for sanctions under Federal Rule of Civil Procedure 11. The matter was subsequently reassigned to this Court, and, on March 1, 2010, Defendants re-noticed the hearings for April 9, 2010.

On April 6, 2010, the Court issued a Notice of Tentative Ruling and Questions for hearing, all of which were addressed to Plaintiff. In that Notice, the Court re-iterated the date and time of the hearing. Plaintiff's counsel, Phyllis Voisenat, did not appear for the hearing. Instead, she called the Court approximately ten minutes before the hearing and left a message in which she stated that she could not appear because she had been in a jury trial in San Francisco Superior Court since March 22, 2010. Ms. Voisenat also stated that she had obtained leave to appear for the hearing on the assumption that it was scheduled for 10:00 but, when she realized the hearing was set for 9:00, could not appear. Ms. Voisenat also stated that she would be in trial through April 15, 2010, orally sought leave to continue the matter, and stated that she was unable to file a request for a continuance in advance of the hearing because she is a solo practitioner and has been in trial all day.

The Court denied the request to continue on the record. In addition to the reasons set forth in open court, the Court does not accept oral requests to continue. Further, this case is subject to electronic filing. Thus, counsel failed to demonstrate good cause for her failure to file a written request to continue the hearing. For these additional reasons, the Court concludes that the hearing on the motions should not be continued.

The Court also stated in open court that it intended to issue an Order to Show Cause to Plaintiff, but that it would consider issuing a ruling on Defendants' motion to expunge prior to the return date for Plaintiff's response to the Order to Show Cause. Upon further review of the papers supporting the motion to expunge, it has come to the Court's attention that the Order to Expunge Lis Pendens Due to the Court's Order of Dismissal issued in the Related Case, states that "[t]he Lis Pendens recorded on September 2, 2009, as Instrument No. 20090210866 in the official records of Los Angeles County is expunged from the official records...."

The Court appreciates Defendants' arguments regarding the prejudice they suffer because Plaintiff filed a second lis pendens.  However, the Court believes a response to this apparent discrepancy and its impact on the pending motion is warranted.  Accordingly, Defendants are HEREBY ORDERED TO SHOW CAUSE as to what impact, if any, this apparent discrepancy has on the validity of the Court's expungement order and the pending motion to expunge the second lis pendens.  Defendants' response to this Order to Show Cause shall be due by April 13, 2010 and shall not exceed five pages in length.  Unless the Court believes a response from Plaintiff is warranted, Plaintiff shall not respond to Defendants' response to the Order to Show Cause.

It is FURTHER ORDERED that Plaintiff and Plaintiff's counsel are HEREBY ORDERED TO SHOW CAUSE as to why: (1) sanctions in the amount of $2500.00 should not be imposed on counsel for her failure to appear at the hearing and for her failure to properly request a continuance of the hearing; and (2) why this matter should not be dismissed with prejudice for failure to diligently prosecute the matter.  Plaintiff's response to this Order to Show Cause shall be due by no later than April 19, 2010.  The Court shall defer ruling on Defendant's motion to dismiss and motion for sanctions pending receipt of Plaintiff's response to the Order to Show Cause.  Unless the Court believes a response from Defendants is warranted, Defendants shall not respond to Plaintiff's response to the Order to Show Cause.

**IT IS SO ORDERED.**

Dated:   April 9, 2010

                                                JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE