**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS AGBABIAKA, | No. C 09-05583 JSW |
| Plaintiff, | **ORDER ON MOTIONS** |
| v. | |
| HSBC BANK USA NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

## INTRODUCTION

Now before the Court for consideration are the: (1) Motion to Dismiss; (2) Motion to Expunge Lis Pendens; and (3) Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, filed by Defendants HSBC Bank USA National Association as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2002-2 ("HSBC Bank") and Litton Loan Servicing LLP ("Litton") (collectively "Defendants"). Defendants filed these motions on January 11, 2010, January 19, 2010, and February 5, 2010, respectively. The matter was subsequently reassigned to this Court and was scheduled for hearing on April 9, 2010.

Because no one appeared for Plaintiff at the hearing, the Court issued an Order to Show Cause requiring a response from: (1) Defendants, explaining the potential impact, if any, of a typographical error in an Order issued in a related case expunging a lis pendens; and (2) Plaintiff, explaining why monetary sanctions should not be imposed on counsel for her failure to appear at the hearing and for her failure to properly request a continuance and as to why the

matter should not be dismissed with prejudice for failure to prosecute. The parties have filed timely responses to the Order to Show Cause.

Having considered the parties' papers, including their responses to the Order to Show Cause, relevant legal authority, the record in and the history of this case and a related case filed by Plaintiff, Nicholas Agbabiaka ("Agbabiaka"), the Court shall address the merits of Defendants' motions, and shall resolve those motions without further oral argument. Accordingly, the Court shall not revisit its decision to deny Plaintiff's oral request for a continuance of the hearing. For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS Defendants' Motion to Dismiss, GRANTS Defendants' Motion to Expunge, and GRANTS Defendants' Motion for Sanctions.

**BACKGROUND**

**A.   Procedural History.**

    **1.   History of The Related Case, *Agbabiaka v. HSBC Bank USA National Association, et al.*, No. CV 09-3982-JSW**

On or about August 27, 2009, Agbabiaka filed a complaint asserting the same claims that are asserted in this case, which was then assigned to this Court and docketed as *Agbabiaka v. HSBC Bank USA National Association, et al.*, No. CV 09-3982-JSW (hereinafter the "Related Case"). (Docket No. 25, Defendants' Request for Judicial Notice in Support of Motion for Sanctions ("Sanctions RJN"), Ex. 1 (Complaint in Related Case).)[1] Agbabiaka, through counsel, failed to file opposition briefs to the Defendants' motion to dismiss, motion to strike, and motion to expunge *lis pendens*. Agbabiaka, through counsel, also failed to file a response to an Order to Show Cause regarding the failure to file opposition briefs to motions. Accordingly, the Court dismissed the Related Case without prejudice for failure to prosecute

---

[1] The Complaint in this action is identical to the complaint filed in the Related Case. (*Compare* Docket No. 1 *with* Sanctions RJN, Ex. 1.) Agbabiaka also apparently filed a complaint in state court, which was subsequently dismissed. Defendants have not included any of the state court pleadings in their request for judicial notice, and Agbabiaka's counsel attests that she did not represent him in that action. (*See* Declaration of Phyllis Voisenat in Opposition to Motion for Sanctions ("Voisenat Decl."), ¶ 3.)

2

1  and did not rule on the merits of the pending motions.  (*Id.*, Ex. 2 (Order Dismissing Without
2  Prejudice for Failure to Prosecute).)

3  Thereafter, on November 16, 2009, Defendants filed a proposed order expunging the *lis*
4  *pendens*, on the basis that the Related Case had been dismissed for failure to prosecute
5  (the"Expungement Order").  On November 30, 2009, the Court approved the Expungement
6  Order.  Agbabiaka's counsel claims not to have received this Order due to a problem with the
7  Court's e-filing system and a change in her name and email address.  (*See* Voisenat Decl., ¶¶ 8-
8  9; Docket No. 28 (Notice of Objections to Motions Filed by Defendant Due to Failure to Serve
9  Them on Plaintiff's Counsel).)  On December 24, 2009, Defendants recorded the Expungement
10  Order in the Contra Costa County Recorder's Office.  (Sanctions RJN, Ex. 3.)

11  **2.   The Instant Case.**

12  On November 24, 2009, Agbabiaka filed the instant action, and on December 24, 2009,
13  Agbabiaka recorded a Notice of Lis Pendens/Pendency of Action with the Contra Costa County
14  Recorder's Office.  (*Id.*, Ex. 5.)  According to the allegations of the Complaint in this case,
15  Agbabiaka owned a home at 27 Crest Avenue, Point Richmond, California (the "Property").
16  (Compl. ¶ 4.)  On December 21, 2004, Agbabiaka obtained a loan from Ownit Mortgage
17  Solutions, Inc. ("Ownit") relating to the Property.  On that same date, Agbabiaka executed a
18  Deed of Trust.  (*Id.* ¶ 18; Docket No. 21, Request for Judicial Notice in Support of Motion to
19  Dismiss ("RJN"), Ex. A ("Deed of Trust").)  The Deed of Trust identifies Ownit as the Lender
20  and North American Title Company as the Trustee.  Defendant Mortgage Electronic
21  Registration Systems, Inc. ("MERS") is identified as the nominee for Ownit, and "the
22  beneficiary under" the Deed of Trust.  (Deed of Trust at p. 1.)  Agbabiaka made monthly
23  payments on the loan to Ownit until April 2005, when Ownit advised him to send his payments
24  to Litton.  (Compl. ¶ 19.)

25  On or about July 7, 2006, MERS assigned the Deed of Trust to HSBC Bank, USA, and
26  it recorded the assignment on August 2, 2006.  (RJN, Ex. B.)  On or about July 10, 2006,
27  Quality Loan Service was substituted as the Trustee under the Deed of Trust, and the
28  Substitution of Trustee was recorded on October 13, 2006.  (Docket No. 38, Supplemental

Request for Judicial Notice in Support of Motion to Dismiss ("Supp. RJN"), Ex. H (Substitution of Trustee).)

According to Agbabiaka, the terms of the loan required him to pay the principal sum of $520,000 at an initial interest rate of 6.875%, commencing on our about February 1, 2005. (Compl. ¶¶ 16-17; *see also* Deed of Trust, Adjustable Rate Rider at 1.) At some unidentified point, Agbabiaka apparently was unable to make payments, and Quality recorded a Notice of Default on January 5, 2007.[2] Agbabiaka alleges that he applied for a fixed rate loan and Ownit did not disclose that he was given an adjustable rate loan.[3] (Compl. ¶ 22-24.) Agbabiaka also alleges that he defaulted because in March 2007, the interest rate on his loan doubled to approximately 11.275% and thereby doubled his monthly payment. (*Id.* ¶ 23.)

On April 5, 2007, Quality issued a Notice of Trustee's Sale, which was recorded on April 12, 2007. (RJN, Ex. D (Notice of Trustee's Sale).) Agbabiaka alleges that he did not receive a Notice of Default or a Notice of Trustee's Sale, and that once he learned of the Trustee's Sale he filed for bankruptcy protection and unsuccessfully attempted to obtain a forbearance agreement and a modification of the loan. (Compl. ¶¶ 25-38.) On February 27, 2008, a Trustee's Sale was held, and HSBC Bank obtained the Property. (*See id.* ¶¶ 30-51; RJN, Ex. E.)

Based on these allegations, Agbabiaka asserts claims for relief for: (1) violations of the Real Estate Procedures Settlement Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; (3) Declaratory Relief; (4) Injunctive Relief; (5) Cancellation of Instrument[4]; (6) Fraud and Deceit; (7) Violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*; (8) Wrongful Foreclosure; and (9) Quiet Title.

---

[2] Agbabiaka alleges that he was unable to make payment in August 2007.

[3] The Deed of Trust, which is signed by Agbabiaka, does include an Adjustable Rate Rider, which states that the interest rate *may* change on January 1, 2007 and every sixth months thereafter. (Deed of Trust, Adjustable Rate Rider at 1.)

[4] In this claim for relief, Agbabiaka seeks to cancel the Trustee's Deed of Sale, the Deed of Trust, and the Promissory Note

4

**ANALYSIS**

**A.     Defendants' Motion to Dismiss is Granted.**

      **1.     Applicable Legal Standards**.

      A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

      Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

      As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104

5

(1991). Defendants' requests for judicial notice include documents that are public records and which are the proper subject of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, Defendants' request for judicial notice and the supplemental request for judicial notice are GRANTED.

### 2. Discussion.

Defendants' primary argument in support of dismissal is that Agbabiaka has failed to establish that he has tendered the disputed amount of the loan and, therefore, cannot set aside the foreclosure sale. Because Agbabiaka also seeks damages, the Court shall address this issue in connection with the claims as to which Agbabiaka seeks to set aside the Trustee's Sale. Defendants also raise a variety of arguments to support dismissal of each claim for relief. The only argument that Agbabiaka addresses in opposition to the motion is the issue of whether the Defendants had authority to foreclose on the Property. The Court shall begin its analysis with the federal claims.

### a.     The RESPA Claim is Dismissed With Prejudice.

Defendants argue that Agbabiaka fails to identify which specific provisions of RESPA they are alleged to have violated. The Court agrees. Although Agbabiaka generally alleges that Defendants violated RESPA by failing to make required disclosures, he fails to allege the provisions of RESPA that Defendants are alleged to have violated or the facts supporting the alleged violations. There is no private right of action under RESPA for violations of Sections 2603 and 2604. *See, e.g., Bojorquez v. Gutierrez*, 2010 WL 1223144 at *8 (N.D. Cal. Mar. 25, 2010); *Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994); *see also* 12 U.S.C. § 2614. To the extent the RESPA claim is premised upon violations of these sections, the claim is dismissed.

In addition, a claim for a violation of Section 2605, must be brought within three years of the alleged violation. Agbabiaka executed the loan documents on or about December 21, 2004, but did not file suit until 2009, well outside the statute of limitations. There are no facts alleged in the Complaint that suggest that the limitations period should be tolled. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993); *Bonner v. Redwood Mortgage Corp.*,

1  2010 WL 1267069 at *5 (N.D. Cal. Mar. 29, 2010) (dismissing RESPA claim where plaintiff
2  failed to allege facts to support equitable tolling). The Court dismisses the RESPA claim on
3  this basis as well.

4  Finally, Agbabiaka alleges that Defendants made and collected prohibited charges in
5  violation of RESPA. (Compl. ¶ 54.) RESPA provides that:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

11  12 U.S.C. § 2607(a), (b). Agbabiaka's allegations in support of a violation of Section 2607 are
12  bare legal conclusions unsupported by factual allegations in the remainder of the Complaint and
13  are insufficient to state a claim. Moreover, a violation of Section 2607 is subject to a one year
14  statute of limitations. 12 U.S.C. § 2614. The loan in this case was settled in 2004, the
15  Complaint was not filed until 2009, and there are no facts alleged in the Complaint to suggest
16  that the statute of limitations should be tolled. The Court dismisses the RESPA claim on this
17  basis as well.

18  Accordingly, for each of the reasons set forth above, and having considered counsel's
19  explanation for her failure to appear at the hearing, the Court dismisses Agbabiaka's RESPA
20  claim. This is Agbabiaka's third iteration of a complaint against the Defendants, and the Court
21  concludes that dismissal with prejudice is warranted.

**b.    The FDCPA Claim is Dismissed With Prejudice.**

23  Agbabiaka alleges that Defendants violated the FDCPA. Defendants correctly argue
24  that this claim fails as a matter of law because, based on the allegations in this case, they are not
25  "debt collectors," as that term is defined under the FDCPA. *See e.g.* 12 U.S.C. § 1692a(6);
26  *Distor v. US Bank, N.A.,* 2009 WL 3429700, at *5-6 (N.D. Cal. Oct. 22, 2009); *Hepler v.*
27  *Washington Mutual Bank, F.A.*, 2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009) (citing *Scott*
28  *v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va 2003).

7

Even if Defendants fell within the statutory definition of a debt collector, this claim still fails. Agbabiaka alleges that Defendants violated the FDCPA by using "false or misleading representations or deceptive means to collect or attempt to collect a debt," and by using "unfair or unconscionable means to collect or attempt to collect" a debt, in violation of 15 U.S.C. §§ 1692e(10) and 1692f. (Compl. ¶ 61.) Again, these allegations are no more than bare legal conclusions and are unsupported by the factual allegations in the remainder in the Complaint. Indeed, the only facts alleged in the Complaint relate to the foreclosure proceedings against the Property. However, "[a] claim cannot arise under the FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA." *Landayan v. Washington Mutual Bank,* 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009) (citing *Maguire v. Citicorp. Retail Svcs., Inc.,* 147 F.3d 232, 236 (2d Cir. 1998) and *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985)); *see also Gamboa v. Trustee Corps*, 2009 WL 656285 at *4 (N.D. Cal. Mar. 12, 2009) (citing cases).

Accordingly, for each of the reasons set forth above, and having considered counsel's explanation for her failure to appear at the hearing, the Court dismisses Agbabiaka's FDCPA claim. This is Agbabiaka's third iteration of a complaint against the Defendants, and the Court concludes that dismissal with prejudice is warranted.

### c. The TILA Claim is Dismissed With Prejudice.[5]

Defendants argue that Agbabiaka's claim for damages under TILA is barred by the one year statute of limitations and that any claim for rescission has been extinguished. Any action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has determined that this limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TILA violation ... ." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). The doctrine of

---

[5] In his Complaint, Agbabiaka purports to premise this claim for relief on violations of 15 U.S.C. § 1611. That section of TILA, however, refers to criminal penalties.

8

equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers the fraud or non-disclosures that form the basis of the TILA claim for damages. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). A district court can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate TILA's purposes and adjust the limitations period accordingly. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981).

Agbabiaka executed the loan documents on December 21, 2004, and filed this Complaint on November 24, 2009, well outside the one-year statute of limitations. Moreover, there are no allegations in the Complaint that would allow the statute of limitations to be tolled. *See Cervantes*, 5 F.3d at 1277. The Court dismisses the claim on this basis.

A claim for rescission under TILA expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first...." 15 U.S.C. § 1635(f). Equitable tolling does not apply to claims for rescission under TILA because section "1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if the lender has never made the required disclosures. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412-13, 419 (1998); *see also Miguel v. Country Funding Corp.*, 309 F. 3d 1161, 1164 (9th Cir. 2002) (holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three year limitation period"); *Reynoso v. Paul Financial, LLC*, 2009 WL 3833298, *4 (N.D. Cal. Nov. 16, 2009) ("expiration for the right of rescission cannot be tolled"). Agbabiaka executed the loan documents in 2004, and thus his right to rescind expired in 2007. The Court dismisses the claim on this basis as well.

Accordingly, for each of the reasons set forth above, and having considered counsel's explanation for her failure to appear at the hearing, the Court dismisses Agbabiaka's TILA claim. This is Agbabiaka's third iteration of a complaint against the Defendants, and the Court concludes that dismissal with prejudice is warranted.

### d.     The Claim for Fraud and Deceit is Dismissed With Prejudice.

Agbabiaka premises his fraud claim on the allegations that Defendants falsely represented that they were entitled to foreclose upon the Property. (*See* Compl. ¶¶ 77, 79, 83-

86.) However, the documents submitted by Defendants that are subject to judicial notice, demonstrate that these representations were not false. Accordingly, this claim must be dismissed. Having considered counsel's explanation for her failure to appear at the hearing, and having considered that this is Agbabiaka's third iteration of a complaint against the Defendants, the Court concludes that dismissal with prejudice is warranted.

    **e. The Claims for Cancellation of Instrument, Wrongful Foreclosure and Quiet Title are Dismissed With Prejudice.**

Defendants move to dismiss the claims for cancellation of instrument, wrongful foreclosure and quiet title on the basis that Agbabiaka has not tendered the amount owed, that they had the right to foreclose upon the Property, and that they need not be in possession of the original note to commence non-judicial foreclosure proceedings. Under California law, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Savings and Loan Assoc.*, 15 Cal. App. 3d 112, 117-18 (1971); *cf. FPCI RE-HAB 01 v. E&G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021 (1989) (holding that to set aside a trustee's sale based on irregularities in notice or procedure, tender is required) *see also Alicea v. GE Money Bank*, 2009 WL 2136969 at *3 (N.D. Cal. July 16, 2009).

Similarly, in order to maintain a claim for quiet title, Agbabiaka must show that he is "the rightful owner[] of the property, *i.e.* that [he has] satisfied [his] obligations under the Deed of Trust." *See Hafiz v. Greenpoint Mortgage, Inc.*, 652 F. Supp. 2d 1039, 1049-50 (N.D. Cal. 2009); *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); *Gaitan v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3244729 at *12 (C.D. Cal. Oct. 5, 2009). Agbabiaka has not alleged that he tendered the disputed amount. Moreover, although Agbabiaka alleges that Defendants did not have standing to foreclose upon the Property, those allegations are belied by the documents submitted with Defendants' requests for judicial notice.

In addition, to the extent Agbabiaka premises these claims upon the allegation that Defendants do not possess the original promissory note, courts that have addressed this issue

10

1  have held that California law does not require that the trustee be in possession of an original
2  promissory note before it institutes a non-judicial foreclosure sale. *See, e.g., Hafiz*, 652 F.
3  Supp. 2d at 1043; *Pantoja v. Countrywide Home Loan, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D.
4  Cal. 2009); *see also Cilluffo v. Washington Mutual*, 2010 WL 431896 at *3 (N.D. Cal. Feb. 2,
5  2010) (citing cases).

6  Accordingly, for each of the reasons set forth above, the Court dismisses these claims for relief. Having considered counsel's explanation for her failure to appear at the hearing, and having considered that this is Agbabiaka's third iteration of a complaint against the Defendants, the Court concludes that dismissal with prejudice is warranted.

### f.  The Claims for Declaratory and Injunctive Relief Are Dismissed With Prejudice.

Agbabiaka's claim for declaratory relief is "ultimately a request for relief." *Hafiz*, 652 F. Supp. 2d at 1043 (citing *Boeing Co. v. Cascade Corp.,* 207 F.3d 1177, 1192 (9th Cir.2000)). Because the Court has dismissed each of his substantive claims, the Court dismisses this claim as well. Similarly, because Agbabiaka has failed to state a substantive claim, his claim for injunctive relief also is dismissed.

Accordingly, for the foregoing reasons, Defendants' motion to dismiss is granted. Although the Court did not rule on the merits of Defendants motions in the Related Case, Agbabiaka's counsel had the benefit of the arguments asserted therein to consider but made no attempt to rectify those flaws in the Complaint filed in this case. Although the Court recognizes that leave to amend should be freely given, as set forth above, this is the third iteration of the Complaint, and the Court concludes that dismissal with prejudice is warranted.[6]

---

[6]  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury,* 644 F.2d 1341, 1345 (9th Cir.1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir.1987); *see also Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir.1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."). Although MERS has not yet appeared in this action, the claims against it are dismissed for the reasons set forth herein.

11

**B.      Defendants' Motion to Expunge *Lis Pendens* is Granted.**

Defendants move to expunge the *lis pendens* that Agbabiaka recorded on December 24, 2009, with respect to this case.[7] Under California law, a court "shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. P. § 405.31; *see also id.* § 405.32 (requiring a court to expunge a lis pendens if the claimant "has not established by a preponderance of the evidence the probable validity of the real property claim"). A real property claim means "the cause or causes of action in a pleading which would, if meritorious, affect ... title to, or the right to possession of, specific real property...." *Id.* § 405.4(a). For the reasons set forth in the Court's analysis of Defendants' motion to dismiss, the Court concludes that Agbabiaka's Complaint does not state a real property claim. Therefore, Defendants' motion to expunge the lis pendens is granted.

Defendants also move for attorney's fees in connection with this motion. A prevailing party on a motion to expunge "shall be awarded the reasonable attorney's fees and costs of making or opposing the motion *unless* the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." *Id.* § 405.38 (emphasis added). Because the Court is granting Defendants' motion for Rule 11 sanctions, it concludes that a separate award of attorney's fees and costs in connection with this motion would be unjust. Therefore, that request is denied.

**C.      Defendants' Motion for Rule 11 Sanctions is Granted.**

**1.      Applicable Legal Standard.**

Federal Rule of Civil Procedure 11(b) provides, in pertinent part, that:

> [b]y presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -- (1) it is being presented for any improper purpose, ... (2) the claims, defenses, and other legal contentions therein are warranted

---

[7] In reviewing the motions in this case it came to the Court's attention that the Order Expunging the *Lis Pendens* issued in case 09-3982, erroneously referred to Los Angeles County rather than Contra Costa County. Defendants have submitted a revised proposed order in case 09-3982, which corrects that typographical error. The Court also has considered Defendants' response to the Order to Show Cause. In light of the Court's ruling on the instant motion, the Court expresses no opinion on the impact of the typographical error on the Order issued in case 09-3982.

12

> by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact', has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). This test is objective. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). Thus, "if an independent examination reveals 'some credible evidence' in support of a party's statements," a court can conclude a claim is well grounded in fact. *Himaka v. Buddhist Churches of America*, 917 F. Supp. 698, 710 (N.D. Cal. 1995) (citing *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985)). In contrast, an action is "not 'warranted by law' where no 'plausible, good faith argument can be made by a competent attorney' in support of the proposition asserted." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (citing *Zaldivar*, 780 F.2d at 829, 833). This Court may make a finding of improper purpose after conducting its own review of the facts and the law, and "[w]here there is no legal or factual basis for a claim, improper purpose may be deduced." *Id.* at 1144.

Finally, sanctions imposed under Rule 11 shall be limited to what is sufficient to deter "repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Rule 11 sanctions may include an award for "reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.*

**2.   Discussion.**

In their opening brief, Defendants argue that Rule 11 sanctions are warranted under the "improper purpose" prong. In his opposition, Agbabiaka, through counsel, asserts that his claims are not frivolous. As such, the Court shall address both the "improper purpose" and "well-grounded" prongs. Relying on *Zaldivar*, Defendants argue that because Agbabiaka's Complaint in this action was filed for an improper purpose because it was identical to the complaint that was dismissed in case 09-3982. In *Zaldivar,* the Ninth Circuit stated that

13

"[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." 780 F.2d at 832.

Defendants' reliance on *Zaldivar* is misplaced, because this Court dismissed the earlier filed without prejudice for failure to prosecute and did not adjudicate the case on the merits. Accordingly, the mere fact that Agbabiaka filed successive complaints does not warrant the imposition of sanctions. However, for the reasons set forth in its analysis of the motion to dismiss, the Court finds that the Complaint and the opposition to the motions to dismiss and to expunge are not well grounded in law or fact. Based on the record in this case, and in the related case, the Court also concludes that any award of fees and costs should be imposed only on Agbabiaka's counsel, Ms. Voisenat.

Accordingly, the Court grants Defendants' motion for sanctions, but requests further detail with respect to the fees and costs that they have incurred in connection with this litigation. Defendants shall submit a revised declaration detailing the costs and fees incurred by no later than April 30, 2010. In light of the Court's decision to award Rule 11 sanctions and its dismissal of this case with prejudice, the Court shall not impose additional sanctions on Ms. Voisenat for her failure to appear at the hearing on the motions.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, motion to expunge lis pendens and motion for sanctions are granted. The Complaint is dismissed with prejudice, a separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 20, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE